TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@kentlawpc.com

*Attorneys for Plaintiff,*
*Zulun Shimonov*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Zulun Shimonov, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Experian Information Solutions, Inc., an Ohio corporation, | **JURY TRIAL DEMAND** |
| Defendant. | |

NOW COMES THE PLAINTIFF, ZULUN SHIMONOV, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for his Complaint against the Defendant, plead as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681 et. seq [hereinafter "FCRA"] ).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Phoenix, Maricopa County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5. The Defendant to this lawsuit is:

   a. Experian Information Solutions, Inc., ("Experian") which is an Ohio company that maintains a registered agent in Maricopa County, Arizona.

**GENERAL ALLEGATIONS**

6. Midland Funding is reporting a trade line with account number 855400\*\*\*\*
   ("Bogus Trade Line") on Mr. Shimonov's Experian credit file regarding a debt
   allegedly owed to T-Mobile. The Bogus Trade Line does not belong to Plaintiff.
   Although he previously had services with T-Mobile several years ago, he had a
   prepaid plan and hence, incurred no debt with T-Mobile.

7. In 2011, Mr. Shimonov received a bill from T-Mobile. In response, he called T-
   Mobile and explained to the representative that he did not owe it any money as
   he only had a prepaid plan.

8. On or about October 6, 2014, Mr. Shimonov pulled his Experian credit report
   and noticed that the Bogus Trade Line.

9. On or about December 30, 2014, Mr. Shimonov sent a letter to Defendant
   Experian disputing the Bogus Trade Line.

10. On or about January 14, 2015, Mr. Shimonov received correspondence from
    Experian stating "We received a suspicious request regarding your personal
    credit information that we have determined was not sent by you. This could be
    deemed as deceptive or fraudulent use of your information. We have not taken
    any action on this request. Any future requests made in this manner will not be
    processed and will not receive a response."

3

11. To date, Mr. Shimonov has not received any type of response from Defendant Experian to the dispute letter he submitted to it.

## COUNT I

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN**

12. Plaintiff realleges the above paragraphs as if recited verbatim.

13. Defendant Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Shimonov as that term is defined in 15 USC 1681a.

14. Such reports contained information about Mr. Shimonov that was false, misleading and inaccurate.

15. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it  reported to one or more third parties pertaining to Mr. Shimonov, in violation of 15 USC 1681e(b).

16. After receiving Mr. Shimonov's consumer disputes to the Bogus Trade Line, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

17. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Mr. Shimonov has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

18. Experian is liable to Mr. Shimonov by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for actual damages, costs, interest, and attorney's fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

19. Plaintiff realleges the above paragraphs as if recited verbatim.

20. Defendant Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Shimonov as that term is defined in 15 USC 1681a.

21. Such reports contained information about Mr. Shimonov that was false, misleading and inaccurate.

22. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or

5

more third parties pertaining to Mr. Shimonov, in violation of 15 USC 1681e(b).

23. After receiving Mr. Shimonov's consumer disputes to the Bogus Trade Line, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

24. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Mr. Shimonov has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

25. Experian is liable to Mr. Shimonov by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## <u>JURY DEMAND</u>

Plaintiff hereby demands a trial by Jury.

DATED: January 27, 2015                    KENT LAW OFFICES


                                           By: __/s/  Trinette G. Kent_____
                                           Trinette G. Kent
                                           Attorneys for Plaintiff,
                                           Zulun Shimonov

7